IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY QUENTIN KELLY        *
            Plaintiff,
        v.                   *      CIVIL ACTION NO.  RDB-16-3907

STATE OF MARYLAND            *
JORDAN TICHNELL, *Case Management*
    Specialist*              *
            Defendants.
                         *****

## MEMORANDUM OPINION

On December 2, 2016, the Court received for filing the above-captioned "Emergency

Complaint" filed by Anthony Kelly, an inmate housed at the North Branch Correctional Institution

("NBCI").  Kelly filed the Complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans

with Disabilities Act ("ADA"), seeking damages, as well as declaratory and injunctive relief.  He

asks that NBCI Case Management Specialist Jordan Tichnell be compelled to provide him

photocopies of unspecified legal work.[1]  Kelly claims that on November 18, 2016, Tichnell came to

his cell to obtain the "legal documents" to make copy work, but as of the November 24, 2016 date

the Complaint was written, Tichnell has "refused/delay in making copies for Kelly" because of

Kelly's prior civil rights Complaint against other NBCI personnel.   He contends that Defendants

have violated his constitutional right of access to the courts and he has "suffered prejudice" from

Defendants' actions. ECF No. 1. Kelly's Motion for Leave to Proceed In Forma Pauperis shall be

granted.  His Complaint, however, shall be summarily dismissed.

---

[1]      In an attached exhibit, Kelly submits a copy of a November 14, 2016 inmate request
to obtain ten copies each of ten documents, including docket information sheets and motions to
release and/or transfer, Orders and Memorandum, Judgments, and mandates.   ECF No. 1-1

To the extent that Kelly's complaint for injunctive relief may be construed as a civil rights action, filed pursuant to 42 U.S.C. § 1983, his Complaint shall be dismissed.  Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).  In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).  According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355.    Simply put, in order to state a claim for denial of access to the courts, a prisoner must provide some basis for his allegation that he has been deprived of meaningful access to the courts. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).

In addition, a plaintiff must show actual injury resulting from the alleged denial of access. *Lewis,* 518 U.S. at 349.  The plaintiff must identify with specificity the actual injury resulting from the defendants' conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316–17 (4th Cir. 1996).  The " 'actual injury' that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistant program have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim." *Lewis,* 518 U.S. at 343; *see also Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he or she has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

Kelly has failed to set out a colorable access-to-courts claim.  He filed this Complaint

2

approximately six days after Tichnell allegedly came to Kelly's cell to obtain the "legal documents" to make copies. He does not state how Tichnell's alleged failure to provide him the 100+ pages of copy work within that brief period of time has caused him actual injury or otherwise impeded him from litigating his cases. The civil rights Complaint shall be dismissed without prejudice.[2]

Finally, insofar as Kelly seeks injunctive relief to compel action on the part of state employees, his cause action may be alternately construed as a Petition for Mandamus relief. This remedy is only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Title 28 U.S.C. § 1361 confers original jurisdiction on the United States District Courts "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, a federal court may only issue a writ of mandamus against an employee or official of the United States and, even then, may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival*

---

[2]     Kelly is advised, however, that a § 1983 lawsuit may not be filed against the State of Maryland. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the State of Maryland is immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva,* 226 F.3d 198, 201 (3rd Cir. 2000).

Further, Kelly has failed to show that he has a qualifying disability under the ADA. To state a claim for violation of the ADA, the plaintiff must show that (s)he (1) has a disability, (2) is otherwise qualified to participate in a program, and (3) was denied the benefits of the program or discriminated against because of the disability. *See Millington v. Temple Univ. Sch. Of Dentistry,* 261 Fed. App. 363, 365 (3rd Cir. 2008). A physical condition may qualify as a "disability" within the meaning of the ADA and RHA because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). Under the law in this circuit, to establish that he is disabled under the ADA, Plaintiff must prove that: he has a physical or mental impairment; that this impairment implicates at least one major life activity; and the limitation is substantial. *See Heiko v.*

*Park v. Reich,* 853 F.Supp. 906, 915 (E.D. Va. 1994), *affirmed by Virginia Beach Policeman's Benevolent Association v. Reich,* 96 F.3d 1440 (4th Cir. 1996). A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999). Consequently, this Court has no authority to provide the relief sought by Kelly. A separate Order follows dismissing the cause of action.


Date: December 14, 2016                     _____
                                                RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE

---

*Columbo Savings Bank, F.S.B.,* 434 F.3d 249, 254 (4th Cir. 2006).